HAMRA LAW GROUP, PC.
1 LINDEN PLACE, SUITE 207, GREAT NECK, NY 11021
32 BROADWAY, STE. 1818, NEW YORK, NY 10004
WEB: WWW.HAMRALAWGROUP.COM

KEVIN S. JOHNSON, ESQ.
KJOHNSON@HAMRALAWGROUP.COM
KEVINSJOHNSON1@OUTLOOK.COM

T: 646.590.0571
F: 646.619.4012

July 12, 2021

**VIA ECF:**
Hon. Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**MEMORANDUM ENDORSEMENT**

**RE: Sanchez, et al. v. KTG Multiservices, Inc., et al.**
**Case No.: 1:21-cv-00751-AJN-GWG**
**LETTER MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**

To Your Honor:

I write to request an extension of the deadline to complete discovery, which is currently set at July 30, 2021. This is the first request for such an extension by either Party and Plaintiffs join this request for an extension. The Parties request that the Court excuse the late request, in that counsel for both Parties have had a number of meet and confers regarding the remaining discovery disputes, in which we hoped to resolve all issues without the need for motion practice. Additionally, Defendants' counsel has had a family matter concerning his elderly mother's health, which has necessitated counsel's absence. Counsel for Defendant's begs the Court's forgiveness for this unavoidable matter and requests that the delay in this request be overlooked so that the Parties may fully litigate this matter before proceeding to trial.

As of the time and date of this letter, the following discovery has been served and exchanged:

Defendants have served their demands for documents and interrogatories and the Plaintiffs have responded in a timely fashion and there are not outstanding discovery issues with regards to Plaintiffs' responses.

Plaintiffs have served their demand for production and interrogatories in a timely matter. Due to the above personal family issues and a number of pre-planned and lengthy absences to their home countries on the part of individual Defendants, which caused some difficulties in communicating with counsel's clients, Defendants belatedly served their Responses to Plaintiff's First Demand for Documents. The same was served on July 7, 2021. There remains a number of documents, mostly regarding the proposed Class, which are still outstanding. The undersigned has informed Plaintiffs that the bulk of those documents have been held and kept by Defendants' accountant, a third-party



HAMRA LAW GROUP, PC.
1 LINDEN PLACE, SUITE 207, GREAT NECK, NY 11021
32 BROADWAY, STE. 1818, NEW YORK, NY 10004
WEB: WWW.HAMRALAWGROUP.COM

KEVIN S. JOHNSON, ESQ.
KJOHNSON@HAMRALAWGROUP.COM
KEVINSJOHNSON1@OUTLOOK.COM

T: 646.590.0571
F: 646.619.4012

sole proprietor, with whom defense counsel, under authority and authorization of Defendants, has been a attempting to secure the responsive documents. Nevertheless, after meeting and conferring with Plaintiffs' counsel, and without waiving any of Plaintiffs' rights to seek additional information at a later date, Defendants have agreed to produce the following documents and/or supplement their responses by Monday, July 19, 2021:

1. A list of all putative class members (*i.e.*, a list of a maintenance workers engaged by Defendants KTG Multiservices Inc. ("KTG") and AAC Maintenance Corp. ("AAC")) since January 2015, including these individuals' last known addresses, phone numbers, and email addresses such to the extent the aforesaid information exists;
2. Tax forms (such as IRS Forms 1099 and W-2) for all putative class members, to the extent the same is in the possession of the Defendants or can be retrieved from the third-party accountant;
3. Complete time records and schedules for all putative class members (including records such as those Defendants already produced in documents Bates stamped 000475-000478 and 000526-000538 for Plaintiff Oscar David Posada);
4. Copies of all contracts Defendants held with their customers and/or invoices Defendants issued their customers since January 2015 such to the extent more records exist than those previously disclosed. (If Defendants do not provide complete records of contracts and/or invoices that were in effect since January 2015, they will provide a written explanation as to why these documents are unavailable);
5. Copies of all bank statements at any and all banking institutions (including those held at Chase bank) at which KTG and AAC held accounts for each month since January 2015;
6. To the extent not covered by the bank statements or invoices, any and all records of payments made by KTG's and/or AAC's clients to KTG or AAC;
7. Copies of any and all checks issued by KTG and ACC since January 2015;
8. If any payments to class members were not made by check, records of any and all payments to class members to the extent not covered by the bank statements or invoices;
9. Any and all messages (including emails, texts, whatsapp messages, etc.) from or to any Defendants relating to scheduling of any and all putative class members;
10. Any and all messages (including emails, texts, whatsapp messages, etc.) from or to any Defendant from putative class members;
11. KTG's 2020 tax returns;
12. Documents sufficient to show the ownership and/or control of each Corporate Defendant, including but not limited to organizational charts, shareholders, board of director members, and executive staff;
13. Any and all marketing or promotional materials KTG and/or AAC used which are not publicly available; and



# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, SUITE 207, GREAT NECK, NY 11021
32 BROADWAY, STE. 1818, NEW YORK, NY 10004
WEB: WWW.HAMRALAWGROUP.COM

KEVIN S. JOHNSON, ESQ.
KJOHNSON@HAMRALAWGROUP.COM
KEVINSJOHNSON1@OUTLOOK.COM

T: 646.590.0571
F: 646.619.4012

14. Any and all documents relating legal advice obtained by or provided to any Defendant relating to its decision to classify Plaintiffs and Class Members as independent contractors.

To the extent, Defendants are unable to provide any of the above-mentioned documents, by July 19, 2021, they will provide Plaintiffs with a written explanation as to why any such documents are not available and will include a reference to the paragraph numbers listed above.

Given the foregoing, the Parties propose the following amended discovery schedule.

1. Defendants to serve supplemental responses to Plaintiffs' Document Demands and Interrogatories by Monday, July 19, 2021.
2. The Parties will meet and confer telephonically about discovery on Tuesday July 20, 2021 at 10:30 am.
3. The Parties have agreed to the following deposition schedule:
   a. Monday, July 26, 2021: Defendants Rosa Martinez & Alejandro Acosta
   b. Tuesday July 27, 2021: Defendants Catalina Gonzalez/KTG
   c. Wednesday, July 28, 2021: Plaintiffs Javier Torres Sanchez & Oscar Posada
   d. Thursday, July 29, 2021: Defendants Alveiro Echeverri & AAC
4. Depositions to be completed by August 13, 2021.
5. Discovery to be completed by August 27, 2021.

The Parties respectfully request that the Court So Order this discovery plan and schedule.

Finally, given this request for an adjournment, the Parties also request that post-discovery conference currently scheduled for August 12, 2021 be rescheduled to a date after the conclusion of discovery.

The Parties thank the Court for its time and attention to this matter.

Best regards,

*Kevin S. Johnson*
Kevin S. Johnson, Esq.
HAMRA LAW GROUP, P.C.
*Attorneys for Defendants*

CC VIA EMAIL / ECF:
Josef Nussbaum, Esq.



HAMRA LAW GROUP, PC.
1 LINDEN PLACE, SUITE 207, GREAT NECK, NY 11021
32 BROADWAY, STE. 1818, NEW YORK, NY 10004
WEB: WWW.HAMRALAWGROUP.COM

KEVIN S. JOHNSON, ESQ.
KJOHNSON@HAMRALAWGROUP.COM
KEVINSJOHNSON1@OUTLOOK.COM

T: 646.590.0571
F: 646.619.4012

JOSEPH & KIRSCHENBAUM, LLP
*Attorneys for Plaintiffs*
jnussbaum@jk-llp.com

**The proposed schedule is approved. The conference before Judge Nathan is adjourned to September 3, 2021 at 3:00pm.**

**So Ordered.**

GABRIEL W. GORENSTEIN
United States Magistrate Judge
July 13, 2021