# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone 212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

September 23, 2021

**VIA ECF**

Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

  Re: *Sanchez et al v. KTG Multiservices, Inc. et al*, 21 CV 751 (AJN)(GWG)

Dear Judge Gorenstein:

  We represent the Plaintiffs in the above-referenced matter. We write to respectfully inform the Court that—despite the Your Honor's unambiguous warning to Defendants that they could be subject to sanctions for their lack of cooperation in discovery—they continue to flout the Court's multiple Orders relating to discovery. Specifically, they (a) continued to withhold almost all class-wide payroll data, (b) produced falsified payroll records, and (c) committed perjury by producing an affidavit certifying that they had produced all payroll records when they knowingly retained almost all class wide-data. Under these circumstances, the Court should sanction Defendants by issuing a Report and Recommendation that their Answer be stricken and Ordering that they pay all Plaintiffs attorneys' fees incurred in seeking the production of patently relevant and readily available information.

  We respectfully note that the reason this application is coming a day before the discovery deadline is because Defendants just recently produced *six boxes* of payroll records in hard copy format. Specifically, an as set forth in detail below, Defendants admitted at their depositions earlier this month that boxes of payroll records had still not produced even though they had provided a Court Ordered affidavit early last month in which they certified that all payroll records had already been produced. Defendants dumped these six boxes of records on our office in hard copy format on September 10, 2021 and our office is still sorting through and scanning the documents. Most of the documents are stapled together so this has proven to be an onerous process. We had hoped to make the instant application after having reviewed all the newly produced data but, given the impending discovery deadline, we have no choice but to submit this application now.

The background and history of discovery in this case are set forth in Plaintiffs' July 21, 2021 and August 2, 2021 letters to the Court. *See* Dkt. Nos. 31, 36  In brief, in those letters, Plaintiffs informed the Court that Defendants were simply not cooperating in the discovery process and, despite prior Court Orders instructing Defendants to produce certain crucial documents and multiple meet and confers between counsel, Defendants were essentially hiding the ball with respect to payroll documents and time records that are central to this case.  After Plaintiffs' initial letter to the Court, the Court held a teleconference with the Parties at the conclusion of which Your Honor issued a second discovery Order instructing Defendants to produce, by July 29, 2021, an affidavit setting forth the status of 20 separate categories of documents they had been ordered to produce in discovery.  (Attached hereto as "Exhibit 1" is a transcript of the July 27, 2021 teleconference.)  Specifically, the Court Ordered Defendants to provide and affidavit:

> for every single category[,] what's happened in the past, what they did in the past to try to obtain these documents, when they did it, what the status is, and when they expect, and why they can't produce it immediately and when they expect to produce it.

*See* Exhibit 1 at pg. 11.

Defendants produced an affidavit on July 29, 2021, however that affidavit fell utterly short of providing the information called for by the Court's July 27, 2021 Order. (A copy of the affidavit is attached hereto as "Exhibit 2.")  On August 2, 2021, Plaintiffs informed the Court of the deficiencies in the affidavit and asked the Court to sanction Defendants for their manifest noncompliance with the Court's Order.  Later that day, the Court entered a third discovery Order in which it found that the affidavit was "plainly deficient" and instructed Defendants to provide a compliant affidavit by August 5, 2021. *See* Dkt. No. 37.  The Court also warned Defendants that "Plaintiff may make a new application for sanctions if another deficient affidavit is provided." *Id*.

On August 5, 2021, Defendants provided an updated Affidavit. (A copy of the second affidavit is attached hereto as "Exhibit 3.")  In that affidavit and per the Court's instructions, Defendants represented that they had produced all responsive payroll related information in their possession.  These representations were made despite the fact that certain categories of payroll documents had been produced for the named Plaintiffs only—a fact which Plaintiffs' counsel emphasized to Defendants representatives on many occasions.

On September 1, 2021, Plaintiffs deposed Defendant Andrea Catalina Gonzalez who testified on her own behalf as well as on behalf of Defendant KTG Multiservices Inc.  At deposition, Ms. Gonzalez admitted that (a) Defendants had falsified evidence they produced in litigation, and, even more astonishingly, (b) that there remained voluminous payroll information that Defendants had simply not produced despite their sworn statements that *all* responsive information had been turned over.

Specifically, at deposition, Plaintiffs presented Ms. Gonzalez with a document Plaintiffs had produced in discovery which was a form Defendants required Plaintiffs and putative class members to sign as a condition to being provided their paychecks each payroll cycle. (A copy of this form is attached hereto as "Exhibit 4."  These documents are hereinafter referred to as "Pay

Information" forms.)  As is evident from this form (and as corroborated by Defendants at their deposition) these forms generally included four sections, namely: Employee Information, Time worked, Pay Days (payroll cycle), and Pay Information.  In discovery, Defendants produced a similar form as that in Exhibit 4 for the two named Plaintiffs.  However, in that form, the "TIME" section of the form was covered over by a check stub. (The corresponding form produced by Defendants is attached hereto as "Exhibit 5.")  When confronted with these two documents, Ms. Gonzalez testified that she had *intentionally* covered all of the "TIME" sections on the documents she produced.  (Attached hereto as "Exhibit 6" are the relevant portions of the deposition transcript of Ms. Gonzalez's deposition (at 90:3-97:20). Attached here to as "Exhibit 7" are additional examples of these documents wherein Defendants covered the TIME section of the documents.). Ms. Gonzalez further testified that she intentionally covered those sections because the information in the TIME sections did not accurately reflect the time that Plaintiffs worked. (*See* Ex. 6.)

Making matters worse, the covered over time entries in Exhibit 4 directly contradict other "time records" Defendants produced in this litigation, which—per Ms. Gonzalez testimony—were only created *after* the litigation was commenced as a purported defense to Plaintiffs' claims. Specifically, the time period covered by the Pay Information form in Exhibit 4 covers October 27, 2019 to November 11, 2019.  In this record, Defendants recorded that Mr. Posada worked 6.5 hours each shift.  However, in "time records" created by Defendants after the litigation commenced (*i.e.*, non-contemporaneously), they falsely set forth an entirely different alleged time record. (Attached hereto as "Exhibit 8" is a copy of the Excel spreadsheet Defendants produced which was created after the commencement of this case.  The relevant time period corresponding to Exhibit 4 is highlighted by a red outlines on the page Bates stamped 000784.).  To be sure, Defendants have not produced information that substantiates the spreadsheet they created specifically for this litigation.  Instead, they bizarrely maintain that no actual time records exist while at the same time *intentionally covering up the only contemporaneous "time records" they had in their possession*. In other words, Defendants falsified the documents that included a contemporaneous "time records" by *excluding* certain time information and at the same time produced false time records in which they *included* fabricated time records.

Finally and most shockingly, Ms. Gonzalez testified that—despite her sworn affidavit to the contrary—Defendants were still in possession of *six boxes* of payroll records including Pay Information forms signed by putative class members that Defendants had simply not produced. Ms. Gonzalez also testified that she had copies of Pay Rate Acknowledgment forms that she had issued to putative class members.[1]  Thus, despite multiple Court Orders to produce all payroll records as well as affidavits, sworn under penalty of perjury, in which they certify that they had produced all responsive documents, Defendants *knowingly* withheld the production of voluminous pay information.  To be sure, in her affidavit, Ms. Gonzalez swore that Defendants had disclosed all time records and schedules for putative class members as well as all Pay Information forms signed by putative class members. *See* Ex. 3 at pgs. 6-7 (item "c."), pg. 10 (item "o.").

---

[1] It is not surprising that Defendants withheld these document as, under New York State law, they are legally required to provide these forms to employees only and not to independent contractors.  Thus, the fact they provided them to putative class members directly undermine Defendants' contention that Plaintiffs and putative class members were independent contractors and not employees.)

3

Under these circumstances, where Defendants deliberately committed perjury in their affidavit related to discovery and also violated three Court Orders with respect to discovery, sanctions pursuant to the Court's inherent powers and under the Fed. R. Civ. P. Rule 37 are appropriate. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (A court has authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." (internal quotation and citation omitted)); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1117-18 (1st Cir. 1989); *Martina Theatre Corp. v. Schine Chain Theatres, Inc.*, 278 F.2d 798, 801 (2d Cir. 1960). Indeed, "tampering with the administration of justice . . . involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246, 64 S. Ct. 997, 88 L. Ed. 1250, 1944 Dec. Comm'r Pat. 675 (1944); *see also Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) ("The concept of 'fraud on the court' embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." (internal quotation and citation omitted)); *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988) ("Fraud on the court . . . threatens the very integrity of the judiciary and the proper administration of justice."). Rule 37 sanctions are intended to serve several purposes: ensuring a party does not benefit from its failure to comply, specific deterrence, and general deterrence. *Update Art, Inc. v. Modiin Publ'g, Ltd*., 843 F.2d 67, 71 (2d Cir. 1988)

"The decision whether to impose sanctions and what those sanctions should be is left to the sound discretion of the court." *Welch v. Alexis*, No. 03-CV-2528 (CBA), 2004 U.S. Dist. LEXIS 17855, 2004 WL 1920810, at *2 (E.D.N.Y. May 26, 2004) (citation omitted). "The harshest sanctions available are preclusion of evidence and dismissal of the action." *Update Art, Inc.,* 843 F.2d at 71. "Among the factors relevant to a court's exercise of its discretion to impose sanctions are: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the non-compliance, and (4) whether the non-compliant party has been warned of the consequences [sic] noncompliance." *3801 Beach Channel, Inc. v. Shvartzman*, No. 05-CV-0207 (CBA) (JO), 2007 U.S. Dist. LEXIS 24295, 2007 WL 879668, at *3 (E.D.N.Y. Mar. 21, 2007). Here, where Defendants behavior has been deliberate, has continued throughout discovery despite multiple Court Orders seeking to ensure compliance and despite the Court's warning that they could be subject to sanctions, the Court should strike their Answer and enter a default. Any lesser sanctions will not guarantee that Defendants will comply with their discovery obligations and/or tell the truth in motion practice and at trial.

Though striking a pleading "is a harsh sanction to be used only in extreme situations . . . [w]hen faced with a fraud upon the court . . . such a[] powerful sanction is entirely appropriate." *McMunn v. Mem'l Sloan-Kettering Cancer Ctr*., 191 F. Supp. 2d 440, 460 (S.D.N.Y. 2002); *see Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec*., 685 F. Supp. 2d 456, 469-70 (S.D.N.Y. 2010), *abrogated on other grounds by Chin v. Port Auth. of N.Y. & N.J.,* 685 F.3d 135 (2d Cir. 2012) ("[A] terminating sanction is justified in only the most egregious cases, such as where a party has engaged in perjury, tamper[ed] with evidence, or intentionally destroy[ed] evidence . . . ." (emphasis added)). Here, there is no question that Defendants (a) committed a fraud on the Court, (b) engaged in perjury, (c) falsified evidence, and (d) cavalierly

4

ignored multiple Court Orders. Under these circumstances, where it is clear that no other sanction will inhibit Defendants from continuing their pattern of lies and misrepresentations, the Court should issue a Report and Recommendation that Defendants Answer be stricken and a default be entered. *See, e.g., Lawrence v. City of N.Y.*, No. 15cv8947, 2018 U.S. Dist. LEXIS 126010, at *22-23 (S.D.N.Y. July 27, 2018) (violating party's actions "*requires* that the policy favoring adjudication on the merits yield to the need to preserve the integrity of the courts.")(emphasis added); *see also Shangold v. The Walt Disney Co.*, 2006 U.S. Dist. LEXIS 748 (S.D.N.Y. Jan. 12, 2006).

In the event the Court finds that, even under these circumstances, lesser sanctions are preferable, the Court should issue an Order precluding Defendants from offering any evidence relating the time that Plaintiffs and putative class members worked for them as well as any evidence of the amounts that Defendants paid them.

Fed. R. Civ. P. Rule 37(b)(2) provides, in relevant part, that if a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," and "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2); *see also Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) (noting that district courts have wide discretion in imposing sanctions under Rule 37 for disobedience of a discovery order). "Discovery sanctions fulfill three purposes: (1) to ensure that a party will not benefit from its own failure to comply; (2) to seek to obtain compliance with the particular order issued; and (3) to serve a general deterrent effect — that is, to deter future litigants from failing to comply with discovery rules and orders." *United States SEC v. Collector's Coffee*, 2021 U.S. Dist. LEXIS 15586, at *6-7 (S.D.N.Y. Jan. 27, 2021) (Gorenstein J.)(citation and quotations omitted).

Here, where Defendants blatantly committed perjury, disregarded the Court's prior Orders, and intentionally withheld highly relevant inculpating information, they should be precluded from making certain claims and offering certain evidence at motion practice and trial. Specifically, the documents Plaintiffs sought are essential to establishing (a) the time that putative class members worked, and (b) the amounts putative class members were paid and thus how much they would be owed if they are successful at summary judgment and/or trial. Given that Defendants deliberately concealed payroll documents, Plaintiffs respectfully request that the Court Order Defendants be (a) precluded from arguing that putative class members were treated differently for timekeeping, payroll and overall control purposes, (b) precluded from opposing a motion for class certification, and (c) precluded from offering any evidence at all (at summary judgment and/or trial) relating to the hours Plaintiffs and putative class members worked and the amounts they were paid by Defendants. *See, e.g., United States SEC*, 2021 U.S. Dist. LEXIS 15586, at *10 ("An appropriate sanction for violation of the Court's […] Order is the one identified in Fed. R. Civ. P. 37(b)(2)(A)(i), which provides for an order 'directing that . . . designated facts be taken as established for purposes of the action, as the prevailing party claims" and finding that "[a]ny lesser sanction would be ineffective given the unmistakable and culpable failure to comply with the Court's Order.) (Gorenstein J.); *Adrian Shipholding, Inc. v. Lawndale Grp. S.A.*, 2012 U.S. Dist. LEXIS 4234, at *22-23 (S.D.N.Y. Jan. 13, 2012) (finding a defendant's "failures merit an

5

order prohibiting the disobedient party from supporting or opposing designated claims or defenses" where "[t]he information sought by plaintiffs was critical" to establishing their claims) (Gorenstein J.) (citations and quotations omitted).

To be sure, Plaintiffs do not believe that this latter sanction sufficiently addresses Defendants' violations as there is no reason to believe that there is no additional inculpating information that Defendants continue to withhold and, given Defendants blatant willingness to commit perjury and disregard for the Court's threat of sanctions, there is no reason to believe that they will suddenly commence complying with their discovery obligations. *See, e.g., Rivera v. City of N.Y.*, 2012 U.S. Dist. LEXIS 38454, at *6-7 (S.D.N.Y. Mar. 21, 2012) ("Given Ms. Hampton's failures in the past, the Court does not believe that there is any lesser sanction that could result in her complying with her obligations in this case. Accordingly, dismissal of this case is appropriate.") (Gorenstein J.); *see also generally Ruzsa v. Rubenstein & Sendy Attorneys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a lesser sanction would have proved effective in this case.") (internal quotation marks omitted).

Finally, "Rule 37 provides that where a party fails […] fails to obey a court order, the court 'must' require the recalcitrant party or its attorney or both 'to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" *Chen v. Hunan Manor Enter.*, 2020 U.S. Dist. LEXIS 113820, at *14-15 (S.D.N.Y. June 30, 2020) (Gorenstein J.)(quoting Fed. R. Civ. P. 37(b)(2)(C), (d)(3). Accordingly, Plaintiffs respectfully request that the Court Order Defendants to pay Plaintiffs' attorneys fees associated with the multiple meet and confers we engaged in in an effort to secure the production of obviously responsive information, the multiple applications to the Court relating to Defendants noncooperation, and the costs of any additional fees we will incur as a result of their last-minute document dump.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

/s/*Josef Nussbaum*
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)

6