# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, STE. 207, GREAT NECK, NY 11021

KEVIN S. JOHNSON, ESQ.                                                            T: 646.590.0571
KJOHNSON@HAMRALAWGROUP.COM                                                        F: 646.619.4012

September 27, 2021

**VIA ECF**

Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:**  ***Sanchez, et al. v. KTG Multiservices, Inc., et al.***
> **Case No.: 1:21-cv-00751-AJN-GWG**
> **RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS**

To Your Honor:

This firm represents Defendants in the above-captioned action and writes in opposition to the letter filed by Plaintiffs on September 24, 2021, requesting sanctions, including the striking of Defendant Gonzalez and KTG's Answer, for failure to comply with multiple Court orders and misrepresentations in affidavits submitted to Plaintiff's counsel and this Court. Defendants, through counsel, oppose sanctions which would strike the aforesaid Defendants answers, and request the mercy of the Court in its decision on this matter.

It is true that when discovery in an action is only provided after motion of the Party seeking the discovery, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(5)(A).

Furthermore, Rule 37(b)(2)(A) sets forth a "non-exclusive list of sanctions that may be imposed on a party when the party 'fails to obey an order to provide or permit discovery." Hurley v. Tozzer, Ltd., 2017 WL 1318005, at 2 (SDNY Feb. 10, 2017), *report and recommendation adopted*, 2017 WL 1064712 (SDNY Mar. 21, 2017).

Monetary sanctions are the "mildest" sanction under Rule 37(b), in order to "reimburse the opposing party for expenses caused by the failure to cooperate." Joint Stock Company Channel One Russia Worldwide v. Informir, LLC, 2017 WL 3671036 (SDNY July 18, 2017), citing, Seena Int'l Inc., 2016 WL 2865350, at 11 (internal citations omitted). As that Court has said and

# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, STE. 207, GREAT NECK, NY 11021

KEVIN S. JOHNSON, ESQ.                                                                T: 646.590.0571
KJOHNSON@HAMRALAWGROUP.COM                                           F: 646.619.4012

Defendants cannot disagree, in those cases, like the one presented, "[m]onetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." Id. As such Defendant Gonzalez and KTG place their mercy on the Court regarding the issue of monetary sanctions, as her behavior necessitate motion practice by Plaintiffs.

However, the sanctions requested by Plaintiffs, that the pleadings as to Defendant Gonzalez and KTG, are "the most severe sanction[s]" that Rule 37 provides, because they are dispositive and ultimately terminate the action or answer. Ibid, citing, Mason Tenders Dist. Council Welfare Fund v. Precise Brick, Inc., 2009 WL 1675399, at 1 (SDNY June 15, 2009).

The Court is reminded that the Second Circuit "expressed a preference for resolving disputes o the merits rather than by default," it has also "consistently recognized that Rule 37 sanctions are applicable in'extreme circumstances,' where 'a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." Robertson v. Dowbenko, 443 Fed. Appx. 659, 660 (2d Cir. 2011), quoting, John B. Hull, Inc. v. Waterbury Petrol. Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988).

Counsel urges that when the Court considers the non-exclusive factors in the exercise of its discretion, that, as no one factor is dispositive, the striking of Defendants Gonzalez and KTG's Answer, denying them the opportunity to try the action on the merits, is not the most appropriate and meaningful sanction.

The Second Circuit requires that Courts consider four factors in exercising their discretion to imposes sanctions: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." S.E.C. v. Razmilovic, 738 F.3d 14, 25 (2d Cir. 2013).

Noncompliance and disobedience of Court orders is considered willful when the "court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." Thompson v. Jam Hosp. Med. Ctr., 2015 WL 7430806, at 3 (SDNY Nov. 20, 2015) (internal citations omitted).

Sanctions issued under the authority of Rule 37(b) must be "just" and the "severity of the sanction must be commensurate with the non-compliance." Shcherbakovskiy v. Da Capo Al Fine, Ltd. 490 F.3d 130, 140 (2d Cir. 2007). The Court is urged here, to "impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future." Grammar, 2016 WL 525478, at 3.



# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, STE. 207, GREAT NECK, NY 11021

KEVIN S. JOHNSON, ESQ.
KJOHNSON@HAMRALAWGROUP.COM

T: 646.590.0571
F: 646.619.4012

When the duration of noncompliance is relatively short, lesser sanctions may be imposed. Joint Stock Company Channel One Russia Worldwide, 2017 WL 3671036.

Defendants urge the Court to demonstrate restraint and mercy, and refrain from imposing a terminating sanction, such as striking the Answer or defaulting the offending Defendants. As the Court did warn offending Defendants, but such warning did not include the specific threat of dismissal or striking of the Answer. Therefore, Defendants request the Court fashion a less harsh penalty that the striking of the Answer, as "sanctions like dismissal or default should be imposed only if the party has been warned that such a sanction will follow from continued non-compliance" and still refuses to comply. Urbant v. Sony Music Entm't, 2014 WL 6433347, at 3 (SDNY Nov. 6, 2014), *accord* Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 303 (2d Cir. 2009).

Defendant, when under oath, and clearly understanding the consequences of that oath in the context of the deposition, made clear her confusion as to the documents which were disclosed, and immediately and candidly informed the Plaintiff's attorney, under his questioning, of the circumstances under which Defendant Gonzalez inappropriately scanned documents and failed to submit large physical files to her attorneys, opting to scan portions. The delay caused by Defendants unfortunate behavior was relatively short and once questioned, Defendant acted with candor in explaining her thinking, all be it flawed, when she executed the original document and the eventual disclosure of the subject "six boxes" as well as the wage notice statements.

Though Defendant erred in not handing over the six boxes and in the scanning of the context of those boxes, she acted with candor at her deposition and quickly remedied the issue by bringing the subject boxes to Defendant's counsel's office the very next day after her deposition. Counsel then made efforts to send those to Plaintiff's counsel, by delivery, in their original format and substance.

As the discovery is still being analyzed, Defendants would welcome an opportunity to fully brief the issue of both the affidavits and discovery delays, so that the Court may more appropriately tailor the appropriate sanction. Upon information and belief, all other named Defendants remain and are compliant with the Court's order.

Wherefore, Defendants KTG and Gonzalez, request the Court issue sanctions appropriate to her mistakes, allowing her answer to stand, without the severe and unwarranted penalty of default or striking of an answer.

Respectfully submitted,

/s/ Kevin S. Johnson



# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, STE. 207, GREAT NECK, NY 11021

KEVIN S. JOHNSON, ESQ.                                                          T: 646.590.0571
KJOHNSON@HAMRALAWGROUP.COM                                      F: 646.619.4012

Kevin S. Johnson, Esq.
Hamra Law Group, P.C.

**CC VIA ECF:**

Josef Nussbaum, Esq.
*Attorneys for Plaintiffs*