# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, SUITE 207, GREAT NECK, NY 11021
WEB: WWW.HAMRALAWGROUP.COM

KEVIN S. JOHNSON, ESQ.  
KJOHNSON@HAMRALAWGROUP.COM

T: 646.590.0571  
F: 646.619.4012

October 21, 2021

VIA ECF  
Honorable Gabriel W. Gorenstein  
US District Court – SDNY  
500 Pearl Street  
New York, NY 10007

Re:   *Sanchez, et al. v. KTG Mutliservices, Inc., et al.*  
Case No.: 1:21-cv-751 (AJN) (GWG)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS**

To Your Honor:

This office represents Defendants in the above-captioned action and submits this letter in opposition to the motion by Plaintiffs for terminating sanctions and sanctions of preclusion against Defendants Gonzalez and KTG Multiservices, for allegations of perjury and evidence tampering. As the Court is aware from the previous letter from this office and that of Plaintiffs (Dkt. No. 41 & 45), the aforesaid Defendants have conceded that for their actions, they are required to pay the costs of motion practice by Plaintiffs associated with the discovery disputes that arose in this action.

Accordingly, Defendants KTG and Gonzalez will brief the applications for preclusion and to strike those Defendants Answer (other named Defendants are not implicated in the motion for sanctions). In accordance with this Court's order on October 8, 2021 (Dkt. No. 46), the Defendants submit the following.

As the Court is aware, what sanctions are imposed on a litigant is left "to the sound discretion of the court." Welch v. Alexis, 2004 WL 1920810 (EDNY May 26, 2004). Here the Plaintiff requests the Court to impose the "harshest sanctions [of] preclusion and dismissal of the action." Update Art, Inc. v. Modiin Publ'g. Ltd., 843 F.2d 67, 71 (2d Cir. 1988).

Dismissal with prejudice "is 'a particularly severe sanction,' **even for a fraud** upon the court, and a decision to impose such a sanction must be 'made with restraint and discretion.'" McMunn v. Memorial Sloan-Kettering Cancer Center, 191 F.Supp.2d 440 (SDNY March 27, 2002), quoting, respectively, Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991); Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323, 334 (2nd Cir. 1999).

# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, SUITE 207, GREAT NECK, NY 11021
WEB: WWW.HAMRALAWGROUP.COM

KEVIN S. JOHNSON, ESQ.                                                                                                  T: 646.590.0571
KJOHNSON@HAMRALAWGROUP.COM                                                                           F: 646.619.4012

Notably, the Court may apply the "clear and convincing standard" to determine whether the severe sanctions requested are appropriate. See, Shephard v. American Broadcasting Cos., Inc., 62 F.3d 1469 (D.C.Cir. 1995); cf. Weinberger v. Kendrick, 698 F.2d 61, 80 (2d Cir. 1982), cert. denied, 464 U.S. 818, 104 S. Ct. 77, 78 L.Ed.2d 89 (1983); Rybner v. Cannon Design, Inc., 1996 WL 470668, at 4 (SDNY Aug. 20, 1996).

My important for this action, a terminating sanction, based upon a fraud on the Court, implicates a fraud that by definition, is "fraud which seriously affects the integrity of the normal process of adjudication." Gleason v. Jandrucko, 860 F.2d 556, 559 (2nd Cir. 1988). An isolated instance of perjury, standing alone, will not constitute a fraud upon the court. McMunn, at 445, Id., at 560; Doe v. Federal Grievance Comm., 847 F.2d 57, 64 (2nd Cir. 1988).

Most importantly, for this action, a fraud upon the Court "occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989).

Pointedly, the Court should "reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious." Aoude, at 1118. (internal citations omitted). The Court should carefully balance the policy favoring deciding actions on the merits and the need to maintain judicial integrity and goals of deterring misconduct by other actors in future cases. See, National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976).

In arriving at the appropriate sanctions in this action, the Court is called on to weight certain factors to determine what must be done with the offending party and their claims or defenses. The five factors that must be weighed: 1) whether the misconduct was the product of intentional bad faith; 2) whether and to what extent the misconduct prejudiced the other party; 3) whether there is a pattern of misbehavior; 4) whether and when the misconduct was corrected; and, 5) whether further misconduct is likely to continue in the future. Skywark v. Isaacson, 1999 WL 1489038 (SDNY Oct. 14, 1999). In deciding to dismiss, such a sanction should be reserved for "unmitigated fraud upon the court itself." Aoude, at 1119.

Defendant Gonzalez (KTG), upon being questioned under oath by Plaintiffs' counsel, readily and immediately admitted to the failure to disclose all the boxes of documents, and that the scanned documents had some items covered when scanned. She repeatedly emphasized that she was confused as to the nature of the discovery vis a vi the alleged class. Immediately thereafter, Defendant delivered to her attorney's office the original six boxes, which were then transferred directly to Plaintifffs' counsel. This behavior was isolated to the documents held in those boxes, and regarding the thousands of pages of other discovery that was divulged to Plaintiffs, covers only a fraction of the massive

# HAMRA LAW GROUP, PC.

1 Linden Place, Suite 207, Great Neck, NY 11021
Web: Www.Hamralawgroup.Com

Kevin S. Johnson, Esq.  
KJohnson@HamraLawGroup.com

T: 646.590.0571  
F: 646.619.4012

amount of discovery had and disclosed appropriately. Notably, this conduct is not likely to occur in the future. Defendants' deposition revealed that the boxes in question are the only evidence undisclosed and modified in anyway. Plaintiffs do not dispute that they now have all the documents and evidence necessary to proceed. Additionally, the Parties have all appeared for their depositions, and but for this motion, would be ready to close discovery and move on to a pretrial conference and possible mediation to resolve the action. Dismissing these two Defendants' answer cannot deter any future conduct from the subject of this motion. Preclusion would not benefit either party, as the evidence can in some instances, be useful and necessary in the prosecution of the Plaintiffs' action and establishing whether a class truly exists.

Defendants ask that the Court refrain from issuing the sanctions of last resort, and have the mercy of imposing the appropriate costs and fees for Plaintiffs' counsels motion practice and the various meet and confer conferences had to resolve the discovery disputes. As the Second Circuit has said in the context of spoliation, the Court should fashion a sanction that will (1) deter parties from engaging in the sort of misbehavior claimed herein,(2) place the risk of the erroneous judgment on the party who created the risk, and (3) restore the moving party to the place they would have been but for the actions of the offending party. <u>West v. Goodyear Tire & Rubber Co.</u>, 167 F.3d 776 (2nd Cir. 1999).

Defendants propose that these can be accomplished. The Plaintiffs now have all relevant discovery, in original copies, and are in that regard, made whole. For the time and money spent on counsel and the Court litigating the discovery issues, monetary sanctions can accomplish that, especially in consideration that Plaintiffs in FLSA cases rarely pay per hour, but as a contingency on any settlement gained.

Defendants expressed remorse and concern with counsel regarding her conduct and now throughs herself on the mercy of the Court, to fashion the appropriate sanction and ultimately allow this action to be tried on its merits. All Defendants and counsel thank the Court for its time and attention to this matter.

Sincerely,

*/s/ Kevin S. Johnson*
**Hamra Law Group, P.C.**