**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK** **No 1:21-cv-00751-AJN-GWG**

JAVIER TORRES SANCHEZ and OSCAR DAVID POSADA, on behalf of themselves and other similarly situated,

Plaintiffs,

-against-

KTG MULTISERVICES, INC., AAC MAINTENANCE CORP., ANDREA CATALINA GONZALEZ, ALVERIO ECHEVERRI, ALEJANDRO ACOSTA, and ROSA MARTINEZ,

Defendants.

# DEFENDANTS CONSOLIDATED MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS AAC MAINTENANCE CORP., ALEJANDRO ACOSTA, and ALVERIO ECHEVERRI DISMISSING THE ACTION AGAINST THEM

Kevin S. Johnson, Esq.
HAMRA LAW GROUP, P.C.
*Attorneys for All Defendants*
1 Linden Place, Suite 207
Great Neck, New York 11021
(646) 590 – 0571
Kevinsjohnson1@outlook.com

**TABLE OF CONTENTS**

INTRODUCTION ……………………………………………………………………………1

FACTUAL BACKGROUND ………………………………………………………..……....…1

LEGAL ANALYSIS ……………………………………………………………………..…......2

Qualification as an "Employer"………………………………………………,,,,,,,,,,.……….…2

Defendant Echeverri was Not an Employer of Plaintiffs ………………………………,,,,,,,,,,.….…3

Defendant AAC and Acosta Were Not Employers of Plaintiffs…………………….…...…,,,,,,,,,.4

The Court Should Decline to Exercise Supplemental Jurisdiction …………………;;….…………..5

CONCLUSION ……………………………………………………………………;;….……6

**Table of Authorities**

**Cases:**

Barfield v. N.Y.C. Health & Hosps. Corp……………………………………………………………3
537 F.3d 132, 141 (2d Cir. 2008

Brock v. Superior Care,…………………………………………………………………….5
840 F. 2d 1054, 1059 (2d Cir. 1988)

Browning v. CEVA Freight, LLC., ……………………………………………………..5
885 F. Supp. 2d 590, 599 (E.D.N.Y. 2012).

Copantitla v. Fiskardo Estiatorio, Inc……………………………………………………..5
788 F. Supp. 2d 253, 315–16 (S.D.N.Y.2011)

Falleson v. Paul T. Freund Corp………………………………………………………..2
U.S. Dist. LEXIS 87473 (W.D.N.Y. Nov. 28, 2007)

Ho v. Sims Entm't Inc…………………………………………………………………….3
2014 WL 1998237, at *10 (S.D.N.Y. May 14, 2014

Jin Dong Wang v. LW Rest., Inc……………………………………………………………4,5
81 F. Supp. 3d 241, 254 (E.D.N.Y. 2015)

Jacobson v. Comcast Corp………………………………………………………………….5
740 F. Supp. 2d 683, 690 (D. Md. 2010)

Matter of O'Brien v. Spitzer ……………………………………………………………….2
7 N.Y. 3d 239 (N.Y 2006)

Saleem v. Corp. Transp. Group, Ltd. 2017 ……………………………………………….2
U.S. App. Lexis 6305, *11-12 (2d Cir. 2017)

Thomas v. Ariel West, ……………………………………………………………...6
242 F. Supp. 3d 293,306 (S.D.N.Y. 2017)

Johnson v. City of New York,…………………………………………………………6
09 Civ. 4685 (PGG), 2011 WL 1044852, at *13 (S.D.N.Y. Mar. 18, 2011)

Statutes

29 U.S.C. 201 ……………………………………………………………………………….1

29 U.S.C. §207(a)(2)……………………………………………………………………….2

N.Y.L.L. § 650………………………………………………………………………………..1

Other Authorities

Wage & Hour Div., U.S. Dep't Labor, Fact Sheet #35 (revised Jan. 2016………………………….3

## INTRODUCTION

On January 27, 2021, Plaintiffs, Javier Torres Sanchez ("Torres") and Oscar David Posada ("Posada") brought this action against the named Defendants, collectively as joint employers, and individually has employers of the named Plaintiffs. The Complaint alleges that Mr. Sanchez and Mr. Torres were improperly qualified as "independent contractors" while working as cleaners for Defendants, and should have been instead considered non-exempt employees of Defendants for purposes of the various wage and hour laws subject to this action. See Complaint, Dkt. No. 1. The claims alleged were for overtime payment violations of the Federal Labor Standards Act, 29 U.S.C. §201, et seq., and N.Y. Lab L. §§ 650, et seq.; N.Y. Labor Law "spread of hours" pay; and Late Payment of Wages Violations of the FLSA and NY Labor Law.

As the undisputed facts show, no allegations can stand as a matter of law against Defendant Escheverri, who was a part time worker of Defendants AAC and Defendants KTG. Additionally, the records shows that as a matter of law Defendant AAC and its owner Defendant Acosta do not qualify as an "employer" under the FLSA or NYLL nor as joint employers with Defendant KTG and Defendant Gonzalez, should a trier of fact find KTG an "employer" under the applicable laws.

Defendants also contend that should the Court find in favor of Defendants on this motion for summary judgment, that the Court should also dismiss the underlying New York State claims against them as well. The Court's jurisdiction in this action is based up a federal question and with those claims disposed of as a matter of law the Court should dismiss the same.

## FACTUAL BACKGROUND

Defendants incorporate their Statement of Facts (Dfts' 56.1) and exhibits accompanying this motion for partial summary judgment, which compromise of relevant portions of the deposition transcripts of all named Parties.

## LEGAL ANALYSIS

Plaintiffs' case against the moving Defendants, AAC, Acosta, and Echeverri center around who may qualify as an "employer" under the FLSA. The legal analysis in this action is quite simple, in that there are no indicia of either of the moving Parties being employers of Plaintiffs, merely being held her by mere association with Defendant KTG, for whom Plaintiffs performed cleaning services.

### Qualification as an "Employer"

In Saleem v. Corp. Transp. Group, Ltd., 2017 U.S. App. Lexis 6305, *11-12 (2d Cir. 2017) the Court provided an analysis and discussion as to the methodology to engage in to determine if an individual is an "employee". The court explained:

> "[The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. section 203 (e) (1). "An entity 'employs' an individual under the FLSA" if it "suffer[s} or permit[s] that individual to work." Zheng v. Liberty Apparel Co., 355 F..3d 61,66 (2d Cir. 2003) (alterations in original) (quoting 29 U.S.C. section 203 (g) ); see also 29 U.S.C. section 203 (d) (defining "employer" as "any person acting directly or indirectly in the interest of any employer in relation to an employee").

See Matter of O'Brien v. Spitzer, 7 N.Y. 3d 239, 242, 851 N.E.2d, 1195, 818 N.Y.S.2d 844 (N.Y 2006) ("an employee is someone who works for another subject to substantial control…[;] a person who works for another subject to less extensive control is an independent contractor.").

Thus, to establish a claim under the FLSA and NYLL, and survive summary judgment, Plaintiffs must prove that: (1) they were employees eligible for overtime and, therefore, not exempt from the law's minimum wage and overtime requirements, and (2) that they worked overtime for which they were not compensated. See 29 U.S.C. §207(a)(2); Falleson v. Paul T. Freund Corp., 2007 U.S. Dist. LEXIS 87473 (W.D.N.Y. Nov. 28, 2007).

"The overarching concern" in determining joint employer status "is whether the alleged employer possessed the power to control the workers in question." The term "employer" is cast with "striking breadth," to be interpreted much more broadly than common law and in light of the totality of the circumstances.Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 141 (2d Cir. 2008). The predominant inquiry is whether the worker is economically dependent upon the employer and the alleged jointemployers, making these entities individually and jointly liable to the workers. Wage & Hour Div., U.S. Dep't Labor, Fact Sheet #35 (revised Jan. 2016); Ho v. Sims Entm't Inc., 2014 WL 1998237, at *10 (S.D.N.Y. May 14, 2014) ("[D]istrict courts in this Circuit have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA.").

Moving Defendants take the position that there is not triable issue of fact that supports a claim of qualifying Defendants AAC, Acosta, and Echeverri as "employers."

## Defendant Echeverri was Not an Employer of Plaintiffs

In the instance of Echeverri, Plaintiffs attempt to take Mr. Echeverri out of the realm of part time work for both Defendant AAC (when it was operational) and Defendant KTG (nonmovant Defendant), simply upon his association with Defendant Gonzalez, as her spouse of five years. (**See EXHIBIT F, pg. 9; EXHIBIT D, pg. 15**) The record shows that he held no power over Defendants, working only part time for Defendants AAC (**EXHIBIT C, pg. 10, pg. 26-27**) and for Defendant KTG (**EXHIBIT E, pg. 33; EXHIBIT E, pg. 40; EXHIBIT D, pg. 46**). Defendants admit Mr. Echeverri's role in their sworn depositions, indicating their never discussed pay, schedules, nor did Mr. Echeverri ever sign the checks he occasionally delivered. (**EXHIBIT A, pg. 106; EXHIBIT B, pg. 36; pg. 52**).

**Defendant AAC and Acosta were Not Employers of Plaintiffs**

In the instance of Defendant AAC and its sole owner, Defendant Acosta (**EXHIBIT C, pg. 8; EXHIBIT D, pg. 35**). Plaintiff had neither interacted with him personally and the record is devoid of any proof that he controlled Plaintiffs schedules, pay rate, pay period, hiring, firing, or any other aspect of the named Plaintiffs alleged employment with Defendant KTG, where they offered their cleaning services. (**See generally, Dft's 56.1**).

Plaintiffs rely solely on the undisputed fact that the initial checks (the exact number is disputed) received by Plaintiffs in 2018 when they began taking work as cleaners for Defendant KTG, who were subcontracted by AAC to perform cleaning services. (**See Dft's 56.1, para. 4, 5, 6, and 8**). This one interaction with Plaintiffs, without more, does not create a triable issue of fact, and it is clear that as a matter of law Defendants AAC and Acosta are not "employers" of named Plaintiffs.

It is undisputed that Defendant AAC had not control over the methods of Plaintiffs work, their rate of pay, the location of their work, their pay schedule. It is admitted, however, that Defendant AAC did subcontract Defendant KTG and Gonzalez to provide post construction cleaning services. When this occurred, Defendant AAC would provide $18 to Defendant KTG for every hour a cleaner was assigned to a job by Defendant KTG. **See EXHIBIT E, pg. 28, lines 18-25; pg. 29, line 2**.

There is no indication in the record that Defendant AAC made any decision about the actual pay rate. Moreover, Defendant AAC did not use Defendant KTG's services frequently, but not for every job for which Defendant AAC would perform its painting services. **See Dft's 56.1, para 4,5**. Defendant AAC closed in 2019 (**EXHIBIT C, pg. 9, lines 2-5; EXHIBIT D, pg. 35**.)

Plaintiff may claim that this amounted to determining pay rate for Plaintiffs. However, "'technical concepts' such as [who determined rate of pay and who maintained employment records] do not constitute the test of who is an employer under the FLSA, and 'the overarching concern is whether the alleged employer possessed the power to control the workers in question.'" <u>Jin Dong</u>

Wang v. LW Rest., Inc., 81 F. Supp. 3d 241, 254 (E.D.N.Y. 2015) (alterations in original) (quoting Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 315–16 (S.D.N.Y.2011)).

The four relevant factors must be analyzed with this overarching concerning in mind. Supervision and control is probative of joint employment "onlywhen the oversight demonstrates effective control over the [workers'] schedule and conditions ofemployment." Jacobson v. Comcast Corp., 740 F. Supp. 2d 683, 690 (D. Md. 2010); Brock v. Superior Care, 840 F. 2d 1054, 1059 (2d Cir. 1988) (rejecting mechanical application of the test); see also Barfield v. N.Y.City Health and Hospitals Corp., 537 F. 3d 132, 141-42 (2d Cir. 2008) ("[T]he various factors relied upon by this court… state no rigid rule for the identification of an FLSA employer. To the contrary…they provide a nonexclusive and overlapping set of factors to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." (internal citations omitted). See, Browning v. CEVA Freight, LLC., 885 F. Supp. 2d 590, 599 (E.D.N.Y. 2012).

It is clear that Defendant KTG was a subcontractor of Defendant AAC, when so contracted by them. Plaintiffs cannot bootstrap on an alleged employment status. As any analysis by the Court's under a theory of employment, would not past the test. No independent form of employment ties have or did exist between Defendants AAC and Acosta and named Plaintiffs. Therefore the Court should decide in their favor and dismiss all actions against them.

**The Court Should Decline to Exercise Supplemental Jurisdiction over the State Claims**

Defendants are jointly and severally responsible for adhering to the FLSA and NYLL and courts commonly decline to exercise supplemental jurisdiction after awarding defendants summary judgment on plaintiffs' federal claims. See, e.g., Hsueh v. N YS. Dep 't of Fin. Servs., 15 Civ. 3401 (PAC), 2017 WL 3671179, at *8 (S.D.N.Y. Aug. 25, 2017) ("Because the Court grants the

[defendant's] motion for summary judgment on Hsueh's sole federal-law claim, the Court declines to exercise supplemental jurisdiction over Hsueh's state- law claims."); Thomas v. Ariel West, 242 F. Supp. 3d 293,306 (S.D.N.Y. 2017) (granting summary judgment dismissing plaintiffs federal claims and "declin[ing] to exercise supplemental jurisdiction [over the] Plaintiffs state- and city-law claims relating to those alleged violations"); Johnson v. City of New York, 09 Civ. 4685 (PGG), 2011 WL 1044852, at *13 (S.D.N.Y. Mar. 18, 2011) ("Defendants' motion for summary judgment will be granted as to all of Plaintiff's federal claims, and the Court declines to exercise supplemental jurisdiction over theremaining pend[e]nt state law claims.").

Here judicial economy and efficiency warrant this conclusion, where the point of law is clearly in favor of Defendants.

## CONCLUSION

Defendants have met their burden of showing, as a matter of law, that Defendant AAC, Acosta, and Echeverri, were not employers as a matter of law under the FLSA. There exists no rebuttal from Plaintiffs sufficient to meet any of the standards of the Court and the law which would begin to demonstrate an actionable claim can be made that the moving Defendants have or could ever be considered employers of Plaintiffs.