UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER TORRES SANCHEZ and OSCAR DAVID POSADA,

        Plaintiffs,

v.

KTG MULTISERVICES INC., ANDREA CATALINA GONZALEZ, ALVEIRO ECHEVERRI, and ROSA MARTINEZ,

        Defendants.

21 CV 751 (AJN)(GWG)

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**JOSEPH & KIRSCHENBAUM LLP**

D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

*Attorneys for Plaintiffs*

March 3, 2022

TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ................................................................................................ 1

II.  PROCEDURAL HISTORY AND BACKGROUND............................................................... 2

III. RELEVANT FACTS ................................................................................................................ 2
   A.  Defendants Alveiro Echeverri and KTG............................................................................ 2
   B.  Defendants Alejandro Acosta and AAC ........................................................................... 3

IV.  ARGUMENT ............................................................................................................................ 4
   A.  Legal Standards.................................................................................................................. 4
      1.  Summary Judgment Standard ...................................................................................... 4
      2.  Standard for FLSA Employer Status .......................................................................... 5
   B.  Defendants' Motion Should be Denied Because They Have Not Met Their Burden Under Rule 56 ...................................................................................................................... 9
   C.  The Evidence on Record Establishes that AAC, Acosta and Echeverri are Employers Under the FLSA ................................................................................................................ 12

V.   CONCLUSION....................................................................................................................... 16

**Cases**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970) .................. 4

*Alvarado v. GC Dealer Servs.*, 511 F. Supp. 3d 321 (E.D.N.Y. 2021) ....................................... 15

*Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008) ...................... 6, 7

*Berrezueta v. Royal Crown Pastry Shop, Inc.*, 2014 U.S. Dist. LEXIS 102749 (E.D.N.Y. 2014) .................................................................................................................. 13

*Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372 (E.D.N.Y. 2012) ................... 8

*Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984) ........................................................ 6,7

*Celotex Corp. v. Catrett*, 477 U.S. 325 (1986) ......................................................................... 4, 9

*Chen v. Oceanica Chinese Rest., Inc.*, 2016 U.S. Dist. LEXIS 46133 (E.D.N.Y. Mar. 31, 2016) ................................................................................................... 14

*Fox v. Starbucks Corp.*, 2021 U.S. Dist. LEXIS 173419 (S.D.N.Y. Sep. 13, 2021) ..................... 4

*Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28 , 81 S. Ct. 933, 6 L. Ed. 2d 100 (1961) .... 6

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999) ........................................... 6, 7, 13

*Ideal Mortg. Bankers, Ltd.*, 2011 U.S. Dist. LEXIS 8591, 2011 WL 317971 (E.D.N.Y. Jan. 28, 2011) ........................................................................................................ 8

*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) ............................................................ passim

*Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707 (2d Cir. 1991 ............................................... 4

*Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140 (2d Cir. 2008) ...................................................... 5

*Jeffreys v. City of New York*, 426 F.3d (2d Cir. 2005) .................................................................. 5

*Jin Dong Wang v. LW Rest., Inc.*, 81 F. Supp. 3d 241, 253-55 (E.D.N.Y. 2015) ........................ 14

*Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003) ........................................... 8

*Lu Nan Fan v. Jenny & Richard's Inc.*, 2019 U.S. Dist. LEXIS 29649, 2019 WL 1549033 (E.D.N.Y. Feb. 22, 2019) ......................................................................................................... 6

*Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243 (2d Cir. 2002) ................................................. 5

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) ............................................ 5

*Michalow v. E. Coast Restoration & Consulting Corp.*, 2017 U.S. Dist. LEXIS 108124
(E.D.N.Y. July 11, 2017) ................................................................................................ 14

*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 112 S. Ct. 1344, 117 L. Ed. 2d 581 (1992) .. 6

*Netherlands Ins. Co. v. United Specialty Ins. Co.*, 276 F. Supp. 3d 94 (S.D.N.Y. 2017) ............... 5

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84
(2d Cir. 2012). .................................................................................................................. 5

*Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107 (2d Cir. 2017) ................ 5, 11, 12

*Olvera v. Bareburger Group LLC*, 73 F. Supp. 3d 201 (S.D.N.Y. 2014) ....................................... 6

*Ramos v. Guaba Deli Grocery Corp.*, 2021 U.S. Dist. LEXIS 227984
(S.D.N.Y. Nov. 29, 2021) ............................................................................................... 13

*Rule v. Brine, Inc.*, 85 F.3d 1002 (2d Cir. 1996) ............................................................................ 5

*Salahuddin v. Goord*, 467 F.3d 263 (2d Cir. 2006) ..................................................................... 10

*Sarikaputar v. Veratip Corp.*, 2020 U.S. Dist. LEXIS 141879 (S.D.N.Y. Aug. 7, 2020) ............. 14

*Sethi v. Narod*, 974 F. Supp. 2d 162 (E.D.N.Y. 2013) ................................................................ 15

*Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58 (2d Cir. 2018) ............................................................ 6, 8

**Statutes**
29 U.S.C. § 203(d) ........................................................................................................................ 5
Fed. R. Civ. P. 56 ................................................................................................................ 4, 9, 12
Local Rule 56.1 ............................................................................................................................. 2

Plaintiffs Javier Torres Sanchez and Oscar David Posada ("Plaintiffs") submit this memorandum of law in opposition to Defendant AAC Maintenance Corp.'s ("AAC"), Alejandro Acosta's and Alveiro Echeverri's ("Defendants") motion for summary judgment.[1]

## I. PRELIMINARY STATEMENT

Defendants, as the party moving for summary judgment, bear the burden of proving that that no genuine issues of material fact exist as to their status as Plaintiffs' employers under the Fair Labor Standards Act ("FLSA"). As set forth in detail below, at trial, Plaintiffs bear the burden of proving that Defendants were their employers. Thus, in order for Defendants to successfully dismiss Plaintiffs' claims at the summary judgment stage, Defendants *must* establish the absence of material facts in dispute or the absence of any evidence supporting Plaintiffs' claims. However, in their summary judgment submissions, Defendants utterly fail to meet this requirement, and summary judgment should be denied.

Defendants' motion should also be denied because there are material facts with respect to employer status that *are* in dispute. As Defendants could not in any serious way claim that there are no disputed material facts, it is not surprising that Defendants did not attempt to establish the absence of evidence supporting Plaintiffs' claims. As set forth in detail below as well as in Plaintiffs' Local Rule 56.1 Counterstatement of Material Facts, the record in this case is rife with evidence upon which a reasonable factfinder could find that Defendants AAC, Acosta, and Echeverri were Plaintiffs' employers. Accordingly, summary judgment should also be denied based on the disputed record, and Plaintiffs' claims against Defendants should proceed to trial.

---

[1] In support of their motion, Plaintiffs submit the March 3, 2022 Declaration of Josef Nussbaum ("Nussbaum Decl.) and exhibits annexed thereto which are cited herein as "Ex. __," as well as the March 3, 2022 Declaration of Javier Torres Sanchez.

## II. PROCEDURAL HISTORY AND BACKGROUND

On January 27, 2021, Plaintiffs filed this wage and hour action against Defendants KTG Multiservices Inc. ("KTG"), AAC Maintenance Corp., Andrea Catalina Gonzalez, Alveiro Echeverri, Alejandro Acosta, and Rosa Martinez. Dkt. No. 1. In the Complaint, Plaintiffs allege that Defendants—who own and operate cleaning and maintenance services companies that jointly perform various recurring cleaning and maintenance services in the New York City area—misclassified Plaintiffs as independent contractors and thus deprived Plaintiffs of the protections afforded by the FLSA and NYLL. *Id*.[2]

Discovery in this matter was completed on December 21, 2021 (Dkt. No. 55) and Defendants filed the instant motion on February 3, 2022. Dkt. No. 61.

## III. RELEVANT FACTS

Plaintiffs incorporate by reference the entirety of their Local Rule 56.1 Counterstatement of Material Facts in Dispute and Statement of Additional Facts ("CSOMF") and highlight the following facts for the Court's convenience.

### A. Defendants Alveiro Echeverri and KTG

Defendant KTG has been in operation since March 2018. CSOMF ¶¶ 15, 58. Defendant Echeverri is the Chief Operating Officer ("COO") of KTG and has been working at KTG since its inception. *Id*. ¶ 39. Mr. Echeverri's COO title and position are advertised by KTG's on its website. *Id*. ¶40. Mr. Echeverri is the husband of KTG's owner, Defendant Gonzalez. *Id*. ¶ 16.

Throughout the entirety of their employment with Defendants, Plaintiffs Torres and Posada viewed Mr. Echeverri as their boss and referred to him as their "boss." *Id*. ¶¶ 19, 43, 47. When discussing Mr. Echeverri with Plaintiffs, Ms. Gonzalez likewise referred to him as their boss. *Id*.

---

[2] On April 13, 2021, Luis Lopez field a consent to sue and joined this Action as a Plaintiff. (Dkt. No. 15.)

2

¶ 43. For example, when Mr. Torres was first hired to work at KTG, Ms. Gonzalez presented Mr. Echeverri to Mr. Torres as being a joint owner of the company and referred to him as the "boss." *Id*. ¶ 47. In addition, Ms. Gonzalez frequently referred to management decisions at KTG as being decisions that were taken by both her and her husband together. *Id*. ¶¶ 45-47.

Throughout Plaintiffs' employment at KTG, Mr. Echeverri provided them with instructions as to how to perform their duties. *Id*. ¶¶ 50-56. For example, Mr. Echeverri frequently instructed Plaintiff Torres that he and his fellow coworkers were not to work any time outside of the timeframes that KTG had instructed them to work. *Id*. ¶¶ 51-52. Mr. Echeverri told Mr. Torres that he wanted to ensure that the cleaners abided by their schedules and did not work additional time so that KTG would avoid incurring additional payroll expenses. *Id*. ¶ 53. Similarly, Mr. Echeverri frequently instructed Plaintiff Torres to ensure that none of his coworkers provided services to KTG's subcontractors outside of the services that KTG had agreed to provide those subcontractors. *Id*. ¶ 53.

Mr. Echeverri was frequently at KTG's offices, which is also where KTG's records are maintained. *Id*. ¶ 49. Mr. Echeverri distributed paychecks to Plaintiffs, and, on some occasions, Plaintiffs were paid on checks that were drawn on Mr. Echeverri's personal bank account. *Id*. ¶ 24, 57. Finally, Mr. Echeverri cosigned for the financing of the vehicles that KTG used to transport its materials. *Id*. ¶ 58. Given the foregoing, it is not surprising that, in their statement of undisputed facts, Defendants admit that Mr. Echeverri "does work for his wife *in her capacity as owner* of KTG." *Id*. ¶ 17. (emphasis added).

      **B.**    **Defendants Alejandro Acosta and AAC**

Defendant Acosta is the owner of Defendant ACC which, like KTG, is a maintenance company. *Id*. ¶¶ 1-2. AAC commenced operations in 2016, and Defendant Acosta is its sole owner.

3

*Id*. For certain periods of time covered by this lawsuit, AAC paid Plaintiffs Torres and Posada for cleaning work they performed. *Id*. ¶¶ 4, 67. On those occasions, Defendant Acosta signed Plaintiffs' paychecks. *Id*. ¶¶ 66-67. Plaintiff Posada worked for AAC and received payment in 2017, *i.e.*, prior to the time KTG commenced operations. *Id*. ¶ 75.

Mr. Acosta was responsible for scheduling employees at AAC. *Id*. ¶ 64. Mr. Acosta determined AAC's employees' rates of pay. *Id*. ¶ 65. Mr. Acosta provided AAC employees with their paychecks and signed the paychecks he provided Plaintiffs. *Id*. ¶¶ 66-67. On a few occasions, Mr. Acosta discussed Plaintiff Torres's payment with him. *Id*. ¶¶ 68-69. Mr. Acosta maintained AAC's company records. ¶ 70. Finally, Mr. Acosta testified that, as the sole owner of AAC, he had the authority to hire and fire employees. ¶ 73. In short, as owner of AAC, Mr. Acosta had ultimate authority over all decisions at the company. ¶ 74.

## IV.  ARGUMENT

### A.  Legal Standards

#### 1.  Summary Judgment Standard

Summary judgment is only warranted where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970), and may satisfy this burden either by submitting evidence to support the material facts claimed to be undisputed, or "by pointing out the absence of evidence to support the non-movant's claims." *Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 710 (2d Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 325 (1986)); *Fox v. Starbucks Corp.*, 2021 U.S. Dist. LEXIS 173419, at *11 (S.D.N.Y. Sep. 13, 2021) (Nathan J.). "'It is ordinarily sufficient for the movant to point to a lack of evidence . . . on

an essential element of the non-movant's claim. . . . .'" *Netherlands Ins. Co. v. United Specialty Ins. Co.*, 276 F. Supp. 3d 94, 105 (S.D.N.Y. 2017) (quoting *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)). This does not, however, "absolve the movant of the obligation, articulated in *Celotex*, to 'identify[] those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*, 875 F.3d 107, 117 n.5 (2d Cir. 2017) (quoting *Celotex*, 477 U.S. at 323).

"In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. . . . Stated more succinctly, '[t]he evidence of the non-movant is to be believed.'" *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 253-54 (2d Cir. 2002) (citations omitted). *See also Jeffreys v. City of New York*, 426 F.3d at 553 (2d Cir. 2005) ("'Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.'") (quoting *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996)). Thus, a court deciding a motion for summary judgment "must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment [.]" *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 94 (2d Cir. 2012).

    **2.**    **Standard for FLSA Employer Status**

Under the FLSA, an "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The Supreme Court has

5

emphasized that this is an expansive definition with 'striking breadth.'" *Olvera v. Bareburger Group LLC*, 73 F. Supp. 3d 201, 204 (S.D.N.Y. 2014) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326, 112 S. Ct. 1344, 117 L. Ed. 2d 581 (1992)). "The Second Circuit has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances[.]" *Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58, 61 (2d Cir. 2018) (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013)). Accordingly, it has instructed that "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts.'" *Id.* (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33, 81 S. Ct. 933, 6 L. Ed. 2d 100 (1961)).

There is likewise no "rigid rule for the identification of an FLSA employer." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008). Rather, courts look to various factors to determine the degree of formal or functional control over a worker. *See id.* "Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA, since such limitations on control 'do[ ] not diminish the significance of its existence.'" *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). "An employee may simultaneously have multiple 'employers' for purposes of determining responsibility under the FLSA," and "joint employers . . . may be held jointly and severally liable for FLSA violations." *Lu Nan Fan v. Jenny & Richard's Inc.*, 2019 U.S. Dist. LEXIS 29649, 2019 WL 1549033, at *5 (E.D.N.Y. Feb. 22, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 60761, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019).

6

An individual need not be personally complicit in FLSA violations to be deemed an "employer." *Irizarry*, 722 F.3d at 110. In determining whether a given individual is an "employer," the "overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality presented by the facts of each case.'" *Herman*, 172 F.3d at 139 (citations omitted). The relevant factors in determining whether an employment relationship exists for purposes of the FLSA include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 104-05 (quoting *Carter*, 735 F.2d at 12). However, those factors are not exclusive, nor is any one factor dispositive. *Barfield*, 537 F.3d at 142-43. Instead, "[s]ince economic reality is determined based upon *all* the circumstances, any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition." *Herman*, 172 F.3d at 139 (emphasis in original).

When assessing "whether an individual within a company that undisputedly employs a worker is personally liable for damages as that worker's 'employer,'" the Second Circuit applies the *Carter* factors, looks to the totality of the circumstances, and also considers the putative employers' level of "operational control." *Irizarry*, 722 F.3d at 105-17. "Evidence indicating an individual's direct control over the plaintiff employees' is not the "only evidence . . . to be considered"; "[i]nstead, evidence showing an individual's authority over management, supervision, and oversight of a company's affairs in general is relevant to the totality of the circumstances in determining the individual's operational control of the company's employment of the plaintiff employees." *Id.* at 110 (citations and internal quotation marks omitted). "A person exercises operational control over employees if his or her role within the company, and the

7

decisions it entails, directly affect the nature or conditions of the employees' employment." *Id*. "Operational control" need not be exercised constantly for an individual to be liable under the FLSA. *Id*.

On summary judgment, "the inquiry as to whether an entity is an employer for purposes of the FLSA involves three types of determinations." *Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 76 (2d Cir. 2003). "First, there are historical findings of fact that underlie each of the relevant factors. Second, there are findings as to the existence and degree of each factor. Finally, there is the conclusion of law to be drawn from applying the factors, *i.e.*, whether an entity is a joint employer." *Id*. "The first two determinations-- the findings of historical fact and the findings as to the existence and degree of each factor-- are findings of fact." *Id.; accord Tapia*, 906 F.3d at 61. "Only the last determination-- the ultimate decision as to whether a party is an employer-- is a legal conclusion." *Zheng*, 355 F.3d at 76. "In order to grant summary judgment for [plaintiffs], the District Court would have to conclude that, even where both the historical facts and the relevant factors are interpreted in the light most favorable to [defendants], [plaintiffs] are still entitled to judgment as a matter of law." *Id*. Since "[t]he question of whether a defendant is an employer under the FLSA is a mixed question of law and fact, with the existence and degree of each relevant factor lending itself to factual determinations[,] . . . individual employer liability is rarely suitable for summary judgment." *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 393 (E.D.N.Y. 2012); *see also Franco v. Ideal Mortg. Bankers, Ltd.*, 2011 U.S. Dist. LEXIS 8591, 2011 WL 317971, at *6 (E.D.N.Y. Jan. 28, 2011) (holding that mixed questions of law and fact, such as the question of whether an individual defendant is an FLSA "employer," "are especially well-suited for jury determination . . . [and] rarely suitable for summary judgment.").

8

### B. Defendants' Motion Should be Denied Because They Have Not Met Their Burden Under Rule 56

As outlined above, Defendants bear the burden of proving that either no genuine issues of material fact exist or that there is no evidence to support the non-movants', *i.e.*, Plaintiffs, claims. Defendants completely fail to meet these requirements. Nowhere in their Rule 56.1 Statement do they claim that the factual record establishes an absence of evidence with respect to whether Defendants AAC, Acosta or Echeverri had actual and/or operational control over Plaintiffs' employment. As Defendants' argument on summary judgment is premised on the absence of record evidence about Defendants' responsibilities at AAC and KTG, Defendants' failure to establish any such absence in their Local Rule 56.1 statement is fatal to their motion. *See* Defendants' memorandum of law (Dkt. No. 65) ("Defs' Mem.") at 2 ("there are *no indicia* of either of the moving Parties being employers of Plaintiffs […]"); at 4 ("*the record is devoid* of any proof that [Acosta] controlled Plaintiffs schedules" and "[t]here is *no indication* in the record that Defendant AAC made any decision about the actual pay rate")(emphasis added).

Fed. R. Civ. P. 56(c)(1) sets forth the evidentiary standard that a party must meet on summary judgment:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

In *Celotex*, the Supreme Court addressed the burden of production for a summary judgment movant who does not bear the burden of proof at trial. 477 U.S. at 317. The Court held that it was

sufficient for a movant who does not bear the burden of proof to satisfy its burden of production on summary judgment by "showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325 (internal quotation marks omitted). The *Celotex* movant satisfied this burden by citing to the nonmovant's interrogatory responses.

Crucially, the Supreme Court held that a movant does not satisfy its burden of production by baldly asserting that there is an absence of evidence to support the nonmovant's claim. Rather, a movant must make the "showing" of an absence of evidence by reference to the record. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323 (internal quotation marks omitted). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id*. at 324.

Following *Celotex*, the Second Circuit has affirmed that a movant who asserts a lack of evidence supporting the nonmovant's claim must support that assertion by citation to the record:

> Where . . . the nonmovant bears the burden of proof at trial, the movant may show prima facie entitlement to summary judgment in one of two ways: (1) the movant may point to evidence that negates its opponent's claims or (2) the movant may identify those portions of its opponent's evidence that demonstrate the absence of a genuine issue of material fact, a tactic that requires identifying evidentiary insufficiency and not simply denying the opponent's pleadings. *If the movant makes this showing in either manner*, the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact.

*Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006) (emphasis added); *see also St. Pierre v. Dyer*, 208 F.3d 394, 404 (2d Cir. 2000) ("[I]f the motion for summary judgment is not made

10

*and supported* as provided in Rule 56, the Rule does not impose on the party opposing summary judgment an obligation to come forward with affidavits or other admissible evidence of his own.") (emphasis added). It is only after the moving party has cited to record evidence that shows a prima facie entitlement to summary judgment that the burden of production shifts to the non-moving party. Moreover, "summary judgment cannot be entered on the basis of factual statements only in the parties' briefs." *Salahuddin*, 467 F.3d at 272.

In *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107 (2d Cir. 2017), the Second Circuit elaborated on the movant's summary judgment burden and the inadequacy of baldly asserting that a plaintiff will be unable to prove its claim:

> [W]hen a defendant moves for summary judgment, it is the *defendant* who must show entitlement to judgment, notwithstanding that, at trial, the plaintiff will have the burden of proving every element of the claim. The mere assertion by a defendant moving for summary judgment that the plaintiff "has not produced any evidence" to support an essential element of the plaintiff's claim does not satisfy the burden that Rule 56(a) imposes. . . . [U]nless the moving defendant cites portions of the record that show its entitlement to judgment, an assertion by the defendant that the plaintiff "has not produced any evidence," without more, does not show that the plaintiff has insufficient evidence. Such a statement fails to show either that there is no genuine dispute as to any material fact or that the defendant is entitled to judgment as a matter of law.

*Id*. at 115-116. The Second Circuit emphasized that where a moving defendant has failed to carry its initial burden the non-moving plaintiff has no obligation to present evidence and noted that "[w]hat we say here applies the Supreme Court's cornerstone summary judgment ruling in *Celotex*[ *Corp. v. Catrett*, 477 U.S. 317 (1986)]." *Id*. at 116.

To be sure, this burden of production does not require a movant to negate an element of the non-movant's claim. Rather, the movant need only explain how the evidence in the record, such as interrogatory responses and deposition testimony, fails to establish an element of the

11

nonmovant's claim. This is not an onerous burden.[3] But this burden of production is necessary both to satisfy the requirements of Fed. R. Civ. P. 56 and to put the nonmovant on notice of the basis of the movant's motion. As Defendants here have decidedly not met this basic burden, their motion for summary judgment—premised on an unsupported claim that there is an absence of evidence—should be denied. *See Nick's Garage*, 875 F.3d at 117 ("In this case, [the defendant's] conclusory assertions that [the plaintiff] had not produced evidence to support particular elements of its claims did not demonstrate the inadequacy of [the plaintiff's] evidence or [the defendant's] entitlement to judgment as a matter of law.").

      **C.**      **The Evidence on Record Establishes that AAC, Acosta and Echeverri are Employers Under the FLSA**

Even had Defendants properly met their burden under Rule 56 (they did not), the motion should still be denied, as Plaintiffs have adduced material facts upon which a jury would find Defendants AAC, Acosta, and Echeverri to be Plaintiffs' employers.

With respect to Mr. Echeverri, the record is clear that he is the Chief Operating Officer of KTG. Mr. Echeverri is the husband of the owner of KTG and is frequently present at KTG's office. When Mr. Torres started working for KTG, Mr. Echeverri was introduced to Torres as his "boss" and was represented to him as being a joint owner of the company.

Mr. Echeverri controlled Plaintiffs' conditions of employment by frequently providing Mr. Torres with instructions as to how to clock-in, what times to work or not work and what job functions to perform. Mr. Echeverri also directed Mr. Torres to relay those instructions to Mr. Torres's coworkers. In addition, Defendant Gonzalez frequently referred to management decisions

---

[3] As an example, in *Celotex*, the movants satisfied this burden by identifying interrogatory responses. As another example, in *Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707 (2d Cir. 1991), the movants pointed to their own deposition testimony to support their contention that the non-movant would be unable to carry its burden of proof at trial. *Id*. at 712-713.

taken at KTG as being joint decisions that she had decided on together with her husband. Mr. Echeverri also distributed paychecks to Plaintiffs and, at times, Plaintiffs were paid on checks that were drawn on Mr. Echeverri's personal bank account. Finally, Mr. Echeverri worked in the office where employee records were stored.

In short, Plaintiffs have adduced credible evidence that Mr. Echeverri meets the second, third and fourth *Carter* factors. Specifically, Mr. Echeverri supervised and controlled employees' conditions of employment by providing them frequent instructions and dictating their work hours. *See, e.g., Ramos v. Guaba Deli Grocery Corp.*, 2021 U.S. Dist. LEXIS 227984, at *17 (S.D.N.Y. Nov. 29, 2021) (finding individual liability where, among other factors, the individual defendant supervised and dictated plaintiff's schedules). Mr. Echeverri was involved in employees' pay and determined their method of pay by paying employees on checks drawn on his personal account and by delivering paychecks directly to Plaintiffs. *See, e.g., Berrezueta v. Royal Crown Pastry Shop, Inc.*, 2014 U.S. Dist. LEXIS 102749, at *33-34 (E.D.N.Y. 2014) (finding "triable issues of fact" precluded summary judgment where the defendant claimed she "did not supervise or control [plaintiffs'] work, did not pay [plaintiffs], and was not responsible for keeping any employment records" but plaintiffs adduced evidence that that defendant "directed plaintiffs" as to how to perform their duties and "personally delivered pay to at least one of the plaintiffs"). Mr. Echeverri also lived and worked at the location at which Plaintiffs' employment records were kept. With respect to the first *Carter* factor—Mr. Echeverri's authority to hire and fire employees, given his role in the company as COO, husband of the owner, and the fact that Defendants admit he "does work for his wife in her capacity as owner of KTG[,]" (CSOMF ¶ 17) a reasonable juror could find that Mr. Echeverri had the authority to hire and fire employees at KTG and that he "possessed the power to control the workers in question." *Herman*, 172 F.3d at 139.

Under these circumstances, where Mr. Echeverri meets at least three of the four *Carter* factors, the Court should deny his motion for summary judgment. *See, e.g., Irizarry*, 722 F.3d at 116-17 (finding the CEO of a grocery store chain was plaintiffs' employer under FLSA where he maintained management, supervision and oversight over the company and met only two of the four *Carter* factors); *Chen v. Oceanica Chinese Rest., Inc.*, 2016 U.S. Dist. LEXIS 46133, at *29-30 (E.D.N.Y. Mar. 31, 2016) (finding summary judgment inappropriate where, as here, defendant testified that "she never had any authority or responsibility over [the company's] employees or the terms or conditions of their employment" but plaintiffs adduced evidence that defendant "'was in charge of everything there' she 'manag[ed] the money,' and that other employees called her 'the boss lady'") (quotations in original and citations omitted); *Jin Dong Wang v. LW Rest., Inc.*, 81 F. Supp. 3d 241, 253-55 (E.D.N.Y. 2015) (denying defendant motion for summary judgment where defendant testified that she was only a cashier as conflicting evidence indicated that she had authority to control other employees); *Sarikaputar v. Veratip Corp.*, 2020 U.S. Dist. LEXIS 141879, at *6-8 (S.D.N.Y. Aug. 7, 2020) (material factual disputes precluded finding that defendant was not an employer where plaintiffs alleged, among other things, that the defendant "instructed them how to perform their duties[,] prepared the employee payroll for [the defendant corporation] and kept the books and records"); *Michalow v. E. Coast Restoration & Consulting Corp.*, 2017 U.S. Dist. LEXIS 108124, at *20-21 (E.D.N.Y. July 11, 2017) *report and recommendation adopted* 2018 U.S. Dist. LEXIS 57866 (E.D.N.Y. Mar. 31, 2018) (denying summary judgment where, as here, the record reflected that defendant "played a significant role in facilitating [the company's] operations by virtue of leasing an equipment facility and allowing the entity's office to be housed in his apartment").

14

With respect to Mr. Acosta and AAC, there is no dispute that Mr. Acosta owns ACC. There is also no dispute that for certain periods of time, Plaintiffs were paid by AAC and Mr. Acosta and that Mr. Acosta signed their paychecks. Mr. Acosta also testified that he met all the *Carter* factors, *i.e.*, he had the authority to hire and fire employees at AAC; he was responsible for scheduling employees at AAC; he determined AAC's employees' rates of pay; he provided AAC employees with their paychecks and signed them; and he maintained AAC's company records. In short, Mr. Acosta exercised complete actual and operational control over AAC. *See, e.g., Irizarry*, 722 F.3d at 110 (plaintiff need not prove that the defendant had "direct control over the plaintiff employees," as evidence indicating "an individual's authority over management, supervision, and oversight of a company's affairs in general is relevant to the totality of the circumstances in determining the individual's operational control of the company's employment of the plaintiff employees.") (alterations, citations and internal quotation marks omitted); *Sethi v. Narod*, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013) (denying defendant's motion for summary judgment where, as here, "the existence and degree of [the defendant's] power to hire and fire, her level of supervision and control, and her ability to determine the rate and method of payment [could] not be determined based on the record before the Court"); *Alvarado v. GC Dealer Servs.*, 511 F. Supp. 3d 321, 356-57 (E.D.N.Y. 2021) (finding material facts precluded granting summary judgment on employer status where there was evidence that the defendant "had overall financial control of [the company], *e.g.*, she exercised and possessed financial control over [the company's] bank accounts, signed payroll and business checks, paid […] salaries, and had the ultimate authority to dissolve the company at any time").

## V.     CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion for summary judgment.

Dated: New York, NY
       March 3, 2022

>                                  By:     __s/Josef Nussbaum____
>                                          D. Maimon Kirschenbaum
>                                          Josef Nussbaum
>                                          JOSEPH & KIRSCHENBAUM LLP
>                                          32 Broadway, Suite 601
>                                          New York, NY 10004
>                                          Tel: (212) 688-5640
>                                          Fax: (212) 688-2548
>                                          Email: jnussbaum@jk-llp.com
>
>                                          *Attorneys for Plaintiffs*