**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X
JAVIER TORRES SANCHEZ, et al,                                  **Civil Case No. 1:21-cv-00751**

                Plaintiffs,

KTG MUTLISERVICES, INC., et al.

                Defendants.
----------------------------------------------------------------------X

## DEFENDANTS COUNSELS' RESPONSE TO ORDER TO SHOW CAUSE

KEVIN S. JOHNSON, ESQ., an attorney duly admitted to practice law in the State of New York and this Court declares the following under penalty of perjury to be true:

1. I am a partner and managing attorney at Hamra Law Group, P.C., attorneys for Defendant Rovi Cohen.

2. As per the Order to Show Cause issued by the Court on June 9, 2023 (Dkt. 49) why the undersigned should not be sanctioned for failing to meet the Court's case management plan and in response to the Court's order to show cause for sanctions against Defendants. (Dkt No. 115).

3. I am mindful in this moment that in the course of litigating before this Court or any other U.S. District Court, that the purpose of the procedures of our Federal Courts is to seek a speedy resolution. Fed. R. Civ. P. 1. This is borne out by the authorization of sanctions under Fed. R. Civ. P. 16(f), where a stated purpose of the procedures set out by the rule are designed for "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed R. Civ. P. 16(c)(2)(P). And to that end, Courts are empowered to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Goodyear Tire & Rubber, 137 S. Ct. 1178, 1186 (2017).

4. Being aware of the powers of the Court in this regard and in a effort at candor and brevity, counsel cannot readily and fervently argue that a sanction is unwarranted under the laws of this Court. Saying more below, I can say that the rule itself states regarding imposing fees and costs for noncompliance by an attorney "must" be made "unless the compliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

5. Counsel cannot point to one specific moment or causal chain that lead to my unpreparedness in fashioning the documents and filings as directed. I can say that counsel's office has been since December 2022 has been experiencing both the positives of growth but has been also beset with the growing pains of any firm hoping to expand it's reach and ensure its attorneys and other employees are in a position to support themselves, their family, and do the sort of good that many of us went to law school to do in the first place.

6. Beginning in December, this office's former partner, Mrs. Rosenberg left suddenly without the appropriate and professional transition that should have occurred. In that the office was paired down to two attorneys and a paralegal. In this economic environment, recruiting for qualified staff and attorneys was difficult to say the least, in part from the lack of lateral movement and the economies of law firm practice for a firm this size.

7. Counsel is relieved and happy to report that the 6 month journey of appropriately staffing this firm has come to an end just this month and the firm is grateful to have a fine group of attorneys and paralegals to ensure we run at the efficiency and effectiveness that our clients deserve and demand (with continued growth) and that is mandated by this Court.

8. This growth from two full time attorneys and one part time paralegal to now four attorneys and a support staff of three (and floating temp staff) with the training, etc. that goes into that fell mostly on myself (as the founding partner has transitioned out).

9. In addition, the growth that came with this unprecedented period came with the demands of clients, Courts, and any number of parties and players.

10. I have found myself working 7 days a week for weeks on end in order to ensure what happened in this action does not happen. Happily, this failure is rare and out of character for myself and my associates.

11. The blame for that, in this case or any case at the firm, always comes back to me as it should be. I have learned, we have adapted, and I can assure the Court that systems and people are in place to alleviate the blessings of this year (and the learning and challenges that come with it.)

12. I hold myself to better standards than I exhibited in this action and so I can't say that my failures, even feeling I made good faith efforts in the practice for this case and others, were "substantially justified." The exhaustion and burnt out aside that has come with this year's blessings allowed for this failure.

13. I ask that the Court assess this mistake in the gestalt of the circumstances above and be reminded that no prejudice has fallen on any party nor a fatal delay in the case coming to trial so that the Parties may have their day in Court, as is their most important right.

14. The Parties as the Court is aware settled the action at the settlement conference which went forward on the scheduled date. On yesterday, 6/28/2023, the Parties filed for ther entry of judgment.

15. Defendant contends, that considering the procedural posture of this case and that the Plaintiff's suffered no prejudice, Defendant would request that sanctions, for the moment, be set aside.

16. I thank the Court for its time and consideration and await its reasoned judgment.

Dated: Great Neck, New York
       June 29, 2023

*Kevin S. Johnson*
_____
By:    Kevin S. Johnson, Esq.
Hamra Law Group, P.C.

4