# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---:|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone 212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

October 24, 2023

**VIA ECF**

Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

> The non-bankrupt Defendants shall file a letter not exceeding three pages with the Court by **October 27, 2023**, responding to this letter.
>
> Dated: October 25, 2023
> New York, New York
>
> **SO ORDERED.**
>
> _[signature]_
> **JENNIFER L. ROCHON**
> **United States District Judge**

Re:   *Sanchez, et al, v. KTG Multiservices Inc., et al*,
       21 CV 751 (JLR)(GWG)

Dear Judge Rochon,

      We represent Plaintiffs in the above-referenced matter.  We write to respectfully request that the Court Order the non-bankrupt Defendants to comply with post-judgment discovery in this matter under penalty of sanctions, including contempt sanctions. We also write to respectfully inform the Court that Defendants' counsel, Kevin Johnson, has ignored Plaintiffs' counsel's multiple requests to meet and confer about post-judgment discovery prior to submitting the herein letter.  In so doing, Mr. Johnson has intentionally hampered Plaintiffs' ability to collect on the judgment in this matter. Accordingly, Plaintiffs respectfully request that the Court Order Mr. Johnson to comply with his professional responsibilities in post-judgment discovery in this matter under penalty of sanctions.

      By way of background, on July 26, 2023, the Court entered judgment against Defendants KTG Multiservices Inc., Andrea Catalina Gonzalez, Alveiro Echeverri, and Rosa Martinez ("Defendants"), jointly and severally, in the amount of $350,000.  On September 27, 2023, Plaintiffs served post-judgment information subpoenas on all Defendants. In response, Defendants' counsel stated that one Defendant, Catalina Gonzalez, had filed bankruptcy and thus the *entire* case was automatically stayed.  Mr. Johnson then proceeded to threaten the undersigned that if Plaintiffs did not withdraw all the subpoenas by the following day Mr. Johnson would seek sanctions. In response, Plaintiffs immediately stated that they withdrew the subpoena served on the debtor Defendant but expected the non-debtor Defendants to fully comply with the subpoenas. The non-debtor Defendants did not timely respond to the subpoenas and, to date, have still not responded. In accordance with the Court's individual rules of practice, the undersigned attempted

to contact Mr. Johnson to meet and confer about his clients' failure to respond, however, Mr. Johnson has ignored our requests to set up a meet and confer. In fact, the undersigned emailed Mr. Johnson on at least four occasions since October 5, 2023 to set up a meeting however Mr. Johnson has ignored these requests. The undersigned also left messages with Mr. Johnson's receptionist requesting that he contact me to set up a meet and confer. In short, Mr. Johnson and his clients are abusing the post-judgment discovery process and hampering Plaintiffs' ability to collect on the judgment they are owed.

Federal Rule of Civil Procedure 69(a)(2) provides that "[i]n aid of" the execution of a judgment, "the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). New York civil procedure allows judgment-creditors to serve "information subpoenas" to obtain evidence relating to the judgment-debtor's assets and any other "matters relevant to the satisfaction of the judgment." *Giuliano v. N.B. Marble Granite*, No. 11-MD-00753, 2014 U.S. Dist. LEXIS 85448, 2014 WL 2805100, at *3-4 (E.D.N.Y. June 20, 2014); *see also* N.Y. C.P.L.R. §§ 5223-5224.

"[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012); *see also First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002); *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011) (Rule 69 "permits 'wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings.'" (quoting *Gibbons v. Smith*, No. 01-CV-1224, 2010 U.S. Dist. LEXIS 13938, 2010 WL 582354, at *3 (S.D.N.Y. Feb. 11, 2010))); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, No. 88-CV-3039, 1993 U.S. Dist. LEXIS 1929, 1993 WL 50528, at *1 (E.D.N.Y. Feb. 23, 1993) (a judgment-creditor "is entitled to a very thorough examination of a judgment debtor with respect to its assets" (internal quotation marks omitted)).

If the recipient of an information subpoena fails to respond, the judgment-creditor may move to compel compliance, pursuant to Federal Rule of Civil Procedure 37(a) and N.Y. C.P.L.R. § 5224. *See Ferrara v. Metro D Excavaction & Found., Inc.*, No. 10-CV-4215, 2012 U.S. Dist. LEXIS 22443, 2012 WL 13055582, at *1 (E.D.N.Y. Feb. 22, 2012). If the recipient fails to comply with a court order directing compliance with the subpoena, the recipient may be sanctioned or held in contempt. *See* Fed. R. Civ. P. 37(b); N.Y. C.P.L.R. §§ 2308, 5251; *Kruse v. Sands Bros. & Co.*, No. 02-CV-5912, 2003 U.S. Dist. LEXIS 1230, 2003 WL 203204, at *1 (S.D.N.Y. Jan. 30, 2003).

In light of these standards, Plaintiffs respectfully request that the Court Order the non-debtor Defendants to respond fully and properly, by October 27, 2023, to the information subpoenas Plaintiffs served under penalty of sanctions, including contempt sanctions

Finally, Plaintiffs respectfully request that the Court Order Defendants' counsel, Kevin Johnson, to comply with his professional obligations in discovery under penalty of sanctions as well. Mr. Johnson has flagrantly violated this Court's rules and hampered Plaintiffs' ability to collect on the judgment. *See, e.g.,* SDNY Local Rule 26.4(a) ("Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling

and timing of various discovery procedures."); *Arizonis v. Suffolk Bus Corp.*, No. CV 13-0964 JFB GRB, 2014 U.S. Dist. LEXIS 46453, 2014 WL 1379639, at *1 (E.D.N.Y. Jan. 8, 2014) ("Counsel are also directed to review Local Rule 26.4, requiring cooperation among attorneys in these matters, prior to making any further application"). The importance of the meet and confer requirement cannot be overstated: it "ensures that when limited court resources are taxed to address discovery disputes, they are in fact ripe for determination, the issues have been framed for the ease of the court, and the parties are firmly convinced of their inability to arrive at a mutually acceptable compromise among themselves." *Cornell Research Found., Inc. v. Hewlett Packard* Co., 223 F.R.D. 55, 59 (N.D.N.Y. 2003).  Accordingly, Plaintiffs respectfully request that the Court enter an Order requiring Mr. Johnson to adhere to his professional responsibilities in this matter under penalty of sanctions.

       We thank the Court for its attention to this matter.

       Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

    s/ *Josef Nussbaum*

Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640


cc: All Counsel of Record (via ECF)